537 So.2d 1223 (1989)
Elphage KEYS, et al.
v.
MERCY HOSPITAL OF NEW ORLEANS, et al.
No. 88-CA-0902.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1989.
*1224 Richard I. Farmer, New Orleans, for appellants.
Cummings, Cummings & Dudenhefer, John J. Cummings, III, New Orleans, for appellees.
Before GARRISON, KLEES and BYRNES, JJ.
BYRNES, Judge.
In this case attorneys John T. Cooper and Richard I. Farmer intervened in an action for damages to protect their rights under a contingency fee contract. Prior to judgment being rendered John Cooper settled his claim. Richard Farmer appeals a judgment reducing his fee of one-sixth of the total recovery as required by the contigency fee contract to $4,600 plus legal interest from date of judicial demand. Elphage Keys cross-appeals. We affirm.
Elphage Keys' wife died in Mercy Hospital on November 28, 1977. Keys employed attorneys Richard Farmer and John Cooper to represent he and his minor son in a claim for damages. On October 23, 1978, Keys executed a contingency fee contract assigning one-third interest in the case to Farmer and Cooper.
Keys testified that on June 24, 1981, March 4, 1982, and August 18, 1982, he sent letters to Farmer discharging him. On October 27, 1982, Donna Condie enrolled as counsel of record and trial attorney in this matter. Farmer and Cooper then intervened in an attempt to preserve their contingency fee. Upon completion of trial on the damages issue, judgment was rendered awarding Keys damages totalling $350,000 ($200,000 to Keys and $150,000 to his minor child). That judgment is now final.
Following trial of the intervention, the district court entered judgment limiting Farmer's recovery to quantum meruit and awarding him $4,600 for legal services rendered.
On appeal Farmer claims that termination for cause is an affirmative defense which was not raised by the pleadings and, therefore, no evidence should have been introduced regarding it. Farmer further alleges the trial court erred in finding he was discharged for cause and in not awarding him his full contingency fee. Keys contends the trial court erred in awarding Farmer $4,600 as the work product generated by Farmer did not benefit Keys' case.
This court in the case of Henican, James and Cleveland v. Strate, 348 So.2d 689 (La.App. 4th Cir.1977), writ denied, 350 So.2d 1213 (1977), rejected the argument that termination for cause is an affirmative defense. Therein we stated that in denying liability "defendant was not asserting an affirmative defense that C.C.P. 1005 required to be pleaded; defendant's negative *1225 defense was but a denial of the alleged indebtedness, and it was therefore plaintiff's burden to prove its allegations, especially when defendant alleged she discharged plaintiff for cause ...". Relying on this jurisprudence, we find termination for cause is not an affirmative defense which must be plead pursuant to La.C.C.P. Art. 1033. Therefore, this argument must fail.
The Louisiana jurisprudence has clearly stated that where a party to a contingency fee agreement discharges his attorney before the fee is earned the attorney's mandate is revoked, the contract is dissolved and quantum meruit provides the proper basis for recovery. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978); Smith v. Westside Transit Lines, Inc., 313 So.2d 371 (La.App. 4th Cir.1975), writ denied, 318 So.2d 43 (1975). The phrase, quantum meruit, means as much as is deserved. Smith, Id. The determination of an attorney's compensation under a quantum meruit analysis is predicated upon an evaluation of the facts in the record and an application of the criteria listed in Disciplinary Rule 2-106(B) of the Code of Professional Responsibility.[1]Saucier, supra; Pharis & Pharis v. Rayner, 397 So.2d 1295 (La.1981), on remand 406 So.2d 723 (La.App. 3d Cir.1981). A quantum meruit analysis properly evaluates not merely the laws expended, but the results and benefits obtained. Smith, supra. Therefore, recovery is limited to the actual value of the service rendered. Saucier, supra.
In awarding Farmer $4,600 the trial judge indicated, in his reasons for judgment, that he relied heavily on a finding that the work product of Farmer and Cooper was of little or no assistance to subsequent counsel at trial on the merits or on appellate review. These conclusions are well supported by the record.
The record reflects that Farmer's role in handling this matter was limited to obtaining medical authorization forms and the autopsy report, discussing the composition of and representation before the Medical Review Panel, obtaining nurse's notes, assisting co-counsel with responsive pleadings, but not in the pleadings themselves, and generally discussing with his associate and Keys the legal aspects of the case under litigation. His efforts before the Medical Review Panel were unsuccessful. Suit was filed on behalf of his client on August 11, 1982. His testimony and the evidence reflect that the theory of recovery employed by Farmer is not the theory on which the case was successfully litigated. We therefore, find the trial court correctly compensated Farmer for the limited benefit which his efforts rendered his client.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal, are allocated equally between the appellant and appellee.
AFFIRMED.
NOTES
[1] DR 2-106 Fees for Legal Services

(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following.
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5). The time limitations imposed by the client or by the circumstances.
(6). The nature and length of the professional relationship with client.
(7). The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8). Whether the fee is fixed or contingent.