BYRNES, Judge.
Plaintiff Minerva Melandreras appeals an award of attorney fees in a default judgment rendered on defendant John M. Blanchard’s reconventional demand. We affirm.
On December 29, 1989, Ms. Melandreras filed an action against John M. Blanchard, alleging sexual harassment, physical assault and a violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. Sec. 2000e et seq.] and LSA-R.S. 28:1006. The petition states that Mr. Blanchard is a supervisor for the Equal Employment Opportunity Commission where plaintiff is employed.
After filing a motion for extension of time Mr. Blanchard filed an answer and reconventional demand on April 16, 1990, alleging that the purpose of plaintiff’s lawsuit was to cause Mr. Blanchard emotional and economic hardship. Plaintiff filed an extension of time on May 23, 1990, which expired on June 30, 1990. On September 18, 1990, a preliminary default was taken on the defendant’s reconventional demand, which was confirmed on October 23, 1990. On November 6, 1990 Ms. Melandreras filed a motion for new trial which was argued on January 11, 1991. On February 5, 1991, the district court granted a new trial on plaintiff’s main demand but denied a new trial and reaffirmed the default judgment on the defendant’s reconventional demand, including an award of attorney fees for $2,000 as well as costs of the proceedings. Ms. Melandreras’s appeal followed.
On appeal Ms. Melandreras contends the judgment is contrary to law and there is insiufficient evidence to support the assessment of attorney fees and costs.
Initially, Mr. Blanchard argues that plaintiff’s suspensive appeal should be dismissed for plaintiff’s failure to post the appeal bond of $3,000. When an appellant who has taken a suspensive appeal fails to post the appeal bond, a timely appeal is not subject to dismissal but continues as a de-volutive appeal. LSA-C.C.P. arts. 2123, 2124; Hampton v. Greenfield, 563 So.2d 549 (La.App. 4th Cir.1990), writ denied 565 So.2d 458 (La.1990). The default was confirmed on October 23, 1990. The new trial motion dated November 6, 1990 was filed more than seven days exclusive of legal holidays pursuant to LSA-C.C.P. art. 1974. Morcos v. EMS, Inc., 570 So.2d 69 (La.App. 4th Cir.1990). However, the record does not reveal that Ms. Melandreras was served with notice of the default judgment as required under L.S.A.-C.C.P. art. 1913. Joy’s of Baton Rouge, Inc. v. Jackson, 244 So.2d 294 (La.App. 1st Cir.1971). On February 6, 1991 the trial court signed Ms. Melandreras’s motion and order of appeal, within 60 days of the denial of motion for new trial on the reconventional demand on January 11, 1991. The devolutive appeal was timely and proper pursuant to LSA-C.C.P. art. 2087. Babin v. Pitre, 555 So.2d 468 (La.1990).
At issue is whether the evidence was sufficient to support the award of attorney fees and costs. To obtain a default judgment, the petitioner must present competent evidence that convinces the court that it is probable petitioner would prevail on a trial of the merits. Thibodeaux v. Burton, 538 So.2d 1001 (La.1989).
In his reconventional demand, Mr. Blanchard claims that Ms. Melandreras knows that she has no action under Title VII of the Civil Rights Act and LSA-R.S. 23:1006 and has caused him to incur substantial legal fees. Although Ms. Melandr-eras denies that she brought her action under those statutes, her petition alleges a violation of 42 U.S.C. 2000e et seq. and LSA-R.S. 23:1006 as indicated in Paragraph 9. The trial court may grant reasonable attorney fees and costs for a frivolous claim under LSA-R.S. 23:1006. Having denied even making the allegation, Ms. Me-landreras clearly asserted a frivolous claim in her original petition under the above statutes. Proof of value of an attorney’s services is not necessary where services *1228 are evident from the record. Thibaut, Thibaut, Garrett and Bacot v. Smith and Loveless, Inc., 517 So.2d 222 (La.App. 1st Cir.1987), appeal after remand on other grounds, 576 So.2d 532 (La.App. 1st Cir.1990), writ denied 580 So.2d 676 (La.1991). The determination of attorney’s compensation is predicated upon the facts of the record and application of the criteria listed in the Louisiana State Bar Association Rules of Professional Conduct, Rule 1.5(a).[1] Keys v. Mercy Hosp. of New Orleans, 537 So.2d 1223 (La.App. 4th Cir.1989). A quantum meruit analysis properly evaluates not merely the labor expended, but the results and benefits obtained. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978); Keys, supra. The trial court is vested with much discretion in determining proper attorney fees in quantum meruit and the Court of Appeal will not disturb that determination absent manifest error. Oppenheim v. Bouterie, 505 So.2d 100 (La.App. 4th Cir.1987).
The record reflects that Mr. Blanchard testified that he incurred expenses of $2,000 for attorney fees. His attorney Lol-is E. Elie offered the record into evidence, including the answer and reconventional demand filed on Mr. Blanchard’s behalf. Mr. Elie represented Mr. Blanchard for the preliminary default, the hearing confirming the default, and the hearing on Ms. Me-landreras’s motion for new trial. Mr. Elie successfully represented his client on the reconventional demand. Considering the pleadings, time involved, and the success of Mr. Blanchard’s attorney, the trial court properly awarded reasonable attorney fees for $2,000 as well as costs of the proceedings.
Accordingly, the decision of the trial court is affirmed.
AFFIRMED.

. Rule 1.5. Fees
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) Whether the fee is fixed or contingent.

******