BARRY, Judge,
dissents with reasons.
The contracts are clearly ambiguous and violate our Code of Professional Responsibility.
At issue in this medical malpractice case is the division of attorneys’ fees between appellant, Timothy J. Falcon, and appellee, Russell S. Stegeman, attorneys for plaintiff. The district court ordered that the fee be governed by two contracts between Falcon and Stegeman. Falcon’s appeal claims the contracts are invalid and should be based on quantum meruit.
FACTS
On October 11,1985 Stegeman’s law firm signed an employment contract with Falcon wherein Falcon was to receive 25 percent of fees from cases assigned by the firm. The contract contained a provision for fees upon termination.
In June, 1986 Mrs. Lawrence retained the firm to represent her in a medical malpractice action and a contingency fee contract was executed in accordance with La. R.S. 37:218. Falcon was assigned to handle the case in association with Stegeman.
On November 12, 1986 Stegeman’s firm entered into a second contract with Falcon which provided that as to “certain legal cases for certain clients” which commenced prior to October 1, 1986 the fees would be governed by the agreement dated October 11, 1985. The second contract also stated that fees would not be affected by its termination as to “certain clients on certain legal cases.”
On April 17, 1989 a partnership agreement was signed by Stegeman and Falcon which specified that the fee distribution for files opened prior to October 1, 1988 would remain as per the pre-partnership agreements.
Falcon left the partnership on March 12, 1990. On March 21, 1990 Stegeman received a letter (dated March .16, 1990) from Mrs. Lawrence which discharged the firm and instructed him to send her file to Falcon’s law office. Falcon settled Mrs. Lawrence’s suit for $285,000.
Falcon claims that the contracts he executed are ambiguous and cannot dictate division of the fee. The district court ruled that both contracts between Falcon and Stegeman governed division of the fee, thus, Stegeman was to receive 75% and Falcon 25% of the fee.
APPLICABLE LAW AND ANALYSIS
Falcon argues that the contracts are ambiguous because the termination provisions do not specify which cases and clients’ fees must be apportioned.
Any ambiguity in a contract is to be strictly construed against the party who prepared it. La.C.C. arts. 2053, 2056, 2057. Kenner Industries v. Sewell Plastics, Inc., 451 So.2d 557 (La.1984); Chrisman v. Chrisman, 487 So.2d 140 (La.App. 4th Cir.1986). Because this Court concludes that the contracts are ambiguous, they shall be construed against Stegeman who drafted them.
The termination provision in the 1985 contract is:
In the event that, after the termination of the contract, certain clients should elect to dismiss employer and retain employee to represent them, employee agrees that the fee revenues derived from such cases shall be divided in the same manner and at the same percentage rates as those agreed upon during the time when this contract was in effect payable when received by employee.
*1298 That language fails to specify the “certain clients.” If Stegeman intended that provision to apply to all clients the contract would have been worded accordingly.
The termination provision in the 1986 contract is also ambiguous:
Neither death, disability, nor the expiration or termination of this contract shall affect the rights of Party of the First Part and Parties of the Second Part to the division of fees set forth herein on engagements entered into with certain clients on certain legal cases prior to any such death, disability or expiration or termination of this contract.
If the parties had intended that provision to apply to every client, it would have been worded accordingly.
Falcon also argues that because the provisions were intended to take effect when he and Stegeman were no longer members of the same firm, the provisions contravene the Code of Professional Responsibility.
Disciplinary Rule 2-107 (“D.R. 2-107”) of the Bar Association’s Code of Professional Responsibility was in effect prior to January 1, 1987 when this case originated. The rule governs the division of fees among lawyers who are not members of the same firm. Subsequent to January 1, 1987, the rule was modified and became Rule 1.5(e), Rules of Professional Conduct, Louisiana State Bar Association.
D.R. 2-107 reads as follows:

DR 2-107 Division of Fees Among Lawyers

(A) A lawyer shall not divide a fee for legal services with another lawyer who is not a partner in or associate of his law firm or law office, unless:
(1) The client consents to employment of the other lawyer after a full disclosure that a division of fees will be made.
(2) The division is made in proportion to the services performed and responsibility assumed by each.
(3) The total fee of the lawyers does not clearly exceed reasonable compensation for all legal services they rendered the client.
(B) This Disciplinary Rule does not prohibit payment to a former partner or associate pursuant to a separation or retirement agreement.
Stegeman asserts that this case involves a contract for the division of fees with an associate (and later partner) of the same firm and does not involve a division of fees between attorneys in different firms. However, Stegeman overlooks that the contract specifies a fixed division of fees when the attorneys are no longer members of the same firm, a violation of DR 2-107.
D.R. 2-107(A)(l) is violated because the client did not consent to Stegeman’s employment. She discharged Stegeman by letter dated March 16, 1990. D.R., 2-107(A)(2) is violated because the contract sets forth a fixed fee of 75% to Stegeman and 25% to Falcon, regardless of the services and responsibility by each attorney.
Although payment to a former partner or associate pursuant to a separation or retirement agreement is not prohibited by D.R. 2-107(B), such an agreement is not involved here. The agreement here was an employment agreement which contained termination provisions. If the draftors of D.R. 2-107(B) intended to include an employment agreement, that provision would have stated so explicitly, as it did in the case of separation and retirement agreements.
The Code of Professional Responsibility has the effect of substantive law. Succession of Wallace, 574 So.2d 348, 350 (La.1991); Succession of Cloud, 530 So.2d 1146 (La.1988). Although, generally, a contract is the law between the parties, it will not be so considered if it is contrary to the law or public morals. La.C.C. arts. 1966, 2029, 2030. See also, Wynne v. New Orleans Clerks and Checkers Union, 550 So.2d 1352 (La.App. 4th Cir.1989).
The contracts here violate D.R. 2-107 and are invalid. See, In the Matter of P & E Boat Rentals, Inc. v. Martzell, Thomas & Bickford, 928 F.2d 662 (5th Cir.1991).
Where a party to a contingency fee agreement discharges his attorney before the fee is earned, the attorney’s mandate is *1299 revoked and the contract is dissolved. Quantum meruit provides the basis for recovery. Keys v. Mercy Hospital of New Orleans, 537 So.2d 1223 (La.App. 4th Cir.1989), citing Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978). After being discharged, an attorney cannot recover the full fee provided for in a contingency contract without providing all or substantially all of the legal services contemplated by the contract. Gamm, Greenberg & Kaplan v. Butt, 508 So.2d 633, 636 (La.App. 2d Cir.1987), citing Saucier v. Hayes Dairy Products, Inc., 373 So.2d at 102.
Accordingly, since Stegeman was discharged before the fee was earned and before he provided all or substantially all of the legal services provided for in the contract, quantum meruit is the basis for recovery.
I would pretermit discussion of Falcon’s argument that the original contract is an adhesion contract and therefore invalid. I note, however, that Falcon is an attorney and was not forced to sign the agreement.
The October 11, 1985 and November 12, 1986 contracts are ambiguous and violate the Disciplinary Rules of Professional Conduct. Quantum meruit is the basis for recovery.
The judgment should be reversed and the matter remanded.