664 So.2d 810 (1995)
Michael B. MILLER, Plaintiff-Appellant,
v.
Patrick A. GASPARD, Defendant-Appellee.
No. 95-861.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
Michael B. Miller, pro se.
Thomas Joseph DeJean, Felix Anthony DeJean, III, Opelousas, for Patrick A. Gaspard.
Before KNOLL, THIBODEAUX and AMY, Judges.
KNOLL, Judge.
This case involves the setting of attorney's fees in a worker's compensation case for an attorney who was discharged by the claimant/worker before any administrative proceedings were begun. The hearing officer determined that Michael B. Miller (Miller), the discharged attorney, was entitled to an *811 attorney fee based solely on the number of hours he worked on the case of Patrick A. Gaspard, the injured worker, and that this fee would be based on a reasonable hourly rate. In making this determination, the hearing officer concluded that, "Therefore, Miller did not recover any monies for Gaspard and this Court will not approve, as an attorney fee, the 10% that Miller withheld from Gaspard's indemnity benefits."

FACTS
Gaspard was injured on March 6, 1992, while he was employed by Ace Machine and Transportation. Ace Machine paid Gaspard's medical expenses, provided him with continuing medical treatment, and paid him weekly worker's compensation benefits of $293.33. On April 8, 1993, Gaspard entered into a retainer contract with Miller to provide him legal services in connection with his worker's compensation claim. Miller represented Gaspard until his legal services were terminated in December of 1994; the reasons for discharge are not pertinent to this decision. It is undisputed that Miller corresponded with Gaspard's employer and its worker's compensation insurer at various times during his representation, and that Gaspard continued to receive worker's compensation benefits and medical treatment without the necessity of filing a disputed claim with the Office of Worker's Compensation (OWC).
At the time he engaged Miller's legal services, Gaspard agreed in writing to the following:
Attorney may withhold, as proposed attorney fees, the sum of 20% of the first $10,000.00 recovered and 10% of all amounts recovered thereafter in attorney's trust account which funds shall remain the property of the claimant, pending approval of such fees by the hearing officer.
During the course of legal representation, Gaspard's weekly worker's compensation benefits were forwarded by Ace Machine to Miller. Records from Miller's office (Exhibit # M3) indicate that 39 checks, each in the amount of $293.33, were receipted for a total of $11,439.37. Miller's office withheld $29.33 from each check for deposit into the client trust account and the balance was paid to Gaspard. Miller requested attorney's fees of $1,143.87, and out-of-pocket expenses of $42.79. This amount $1,143.87) represents 10% of the weekly benefits paid during Miller's representation.
Within 30 days after his discharge, Miller filed a rule to show cause with OWC to have his attorney's fees set. In denying Miller's request as prayed for, the hearing officer stated:
Michael B. Miller is entitled to an attorney fee based on the legal principle of quantum meruit. The retainer contract between the claimant and Miller provides that Miller will be allowed to retain "the sum of 20% of the first $10,000.00 recovered ..., pending approval of such fees by the hearing officer." Miller testified that Gaspard was already receiving indemnity benefits when he retained him. Miller testified further that Gaspard retained him primarily to force the defendant to allow Gaspard to exercise his right to see a physician of his choice. Therefore, Miller did not recover any monies for Gaspard and this Court will not approve, as an attorney fee, the 10% that Miller withheld from Gaspard's indemnity benefits between February, 1994 and December, 1994. However, Miller is entitled to a reasonable attorney fee for the work he performed on behalf of Gaspard. Therefore,
Miller [will] provide to this Court an itemization of the time he expended on behalf of Gaspard, in this worker's compensation claim. An attorney fee shall then be awarded based on the time expended by Miller times a reasonable rate. Miller is to provide an affidavit of the time specified within thirty (30) days of the date this judgment is signed.
Miller did not provide the hearing officer with an affidavit as requested since, as he asserted, he filed a list showing each of the services performed, the dates that services were performed, that he expended 11 hours rendering services to Gaspard, and that he had out-of-pocket expenses totaling $42.79. Accordingly, instead of filing an affidavit, Miller filed this appeal. We affirm in part, reverse in part, and render.

*812 APPROVAL OF ATTORNEY'S FEES
Miller contends that the hearing officer erred in limiting his attorney's fees to a reasonable hourly rate based on the actual hours spent on Gaspard's claim since Miller did not recover any monies for Gaspard. We agree.
As well brought out in Miller's brief, an attorney's fee in a worker's compensation case is a contingency fee arrangement mandated by the worker's compensation law, with restrictions on the amounts recoverable.
La.R.S. 23:1141 provides:
A. Claims of attorneys for legal services arising under this Chapter shall not be enforceable unless reviewed and approved by a hearing officer. If so approved, such claims shall have a privilege upon the compensation payable or awarded, but shall be paid therefrom only in the manner fixed by the hearing officer.
B. In no case shall the fees of an attorney who renders service for an employee coming under this Chapter exceed twenty percent of the first ten thousand dollars of any award and ten percent of the part of any award in excess of ten thousand dollars.
Also applicable herein is La.R.S. 23:1143 which provides:
A. Whoever exacts or receives a fee or gratuity for any services rendered on behalf of a claimant for compensation, except in the amount determined by the hearing officer, or solicits the business of appearing before the office on behalf of a claimant, or makes it a business to solicit employment for an attorney in connection with any claim for compensation under this Chapter, shall be fined not more than five hundred dollars or imprisoned for not more than twelve months, or both.
B. (1) An attorney may withhold, as proposed attorney fees, the sum of twenty percent of the first ten thousand dollars recovered and ten percent of all amounts recovered thereafter in his trust account which funds shall remain the property of the claimant, pending approval of such fees by the hearing officer.
(2) An application for approval of fees shall be filed by the attorney within thirty days after the payment of the final weekly benefit, settlement of the claim, or payment of the judgment, whichever occurs later. Otherwise the funds shall be returned to the claimant.
Initially, we address the hearing officer's determination that Miller was not entitled to an award of 10% of the worker's compensation benefits Gaspard received because Miller did not recover these benefits. We find this determination an error of law. The hearing officer focused very narrowly on the fact that Gaspard was being paid weekly compensation benefits without the intervention of Miller and that these benefits continued uninterruptedly after Miller's employment. We find such a reading is unduly restrictive and overlooks the professional services, other than litigation, that Miller rendered.
From the outset, we note that the retainer contract that Gaspard signed clearly indicated that Miller was not retained solely as a litigator. To the contrary, the retainer contract provides:
Client desires the services of attorney to represent Client, in said claim, by conference, negotiation, suit or otherwise:
NOW THEREFORE, Client does hereby employ and retain Attorney for these purposes, and Attorney hereby binds and obligates himself to render the services required in the premises....
It is undisputed that Gaspard was receiving worker's compensation benefits at the time that he retained Miller and that he continued to receive these benefits without a claim having to be filed in the Office of Worker's Compensation. Notwithstanding, Miller testified that Gaspard retained him because he was concerned that the only physicians he had seen were employer selected. Pursuant to that mandate, Miller corresponded with Gaspard's employer and its insurer, successfully secured treatment by physicians of Gaspard's choosing, and obtained guarantees from the worker's compensation insurer that it would be responsible for the medical expenses of these physicians. Further, the record shows that just before being discharged, Miller successfully obtained the *813 worker's compensation insurer's commitment to pay medical expenses Gaspard incurred from a doctor whom the insurer had previously refused to approve. Accordingly, we find that Miller performed services for which payment of legal fees are due under the retainer contract and the contrary conclusion of the hearing officer is clearly wrong.
We next consider Miller's complaint that the hearing officer erred in limiting her assessment of his fee to a reasonable award based on the actual hours worked. Before we comment on this assignment of error, we note that the hearing officer imprecisely characterized this as a quantum meruit award. After reading the hearing officer's comments contextually, we find that she was only willing to base Miller's attorney's fee on the time he expended and to award him a reasonable hourly amount thereon. This misstates and misapplies the jurisprudential concept of the term quantum meruit.
In Smith v. Westside Transit Lines, Inc., 313 So.2d 371 (La.App. 4 Cir.), writ denied, 318 So.2d 43 (La.1975), the Fourth Circuit commented:
The phrase, quantum meruit, means as much as he deserved. This in turn encompasses far more than simply the hours spent by the attorney on his client's case. It involves the ultimate results obtained as well as the particular benefit to the case derived for each unit of time devoted to the case. For instance, it is conceivable that a single hour of research might be far more valuable to the overall case than the other weeks of research which were spent, a single interview with one witness may be more important than the balance of a painstaking investigation, or a single telephone call might have the immediate effect of promoting a favorable settlement where many hours of negotiation have otherwise failed.
Smith, 313 So.2d at 378.
It has long been held that the amount of attorney's fees due an attorney for representation in a worker's compensation matter is based on the attorney's time, skill, and effort. Whatley v. Lummus Company, 243 So.2d 922 (La.App. 3 Cir.1970). Moreover, it is well established that a determination of an attorney's compensation under this analysis is necessarily predicated upon a thorough evaluation of the record facts and an application of the criteria amplified under Art. 16: Rule 1.5 of the Rules of Professional Conduct.[1]See Keys v. Mercy Hospital of New Orleans, 537 So.2d 1223 (La.App. 4 Cir.1989). Furthermore, it is well accepted that a hearing officer has discretion to fix the amount of the attorney fee in light of these factors subject to the limitation of La.R.S. 23:1141. Id.
We hasten to add, however, that although La.R.S. 23:1143 allows an attorney to withhold a certain percentage of funds and to place them in a client trust account, it does not mean that an attorney is automatically entitled to receive the entirety of those withheld funds. Commenting on the interplay of La.R.S. 23:1141 and 1143, we recently stated in McKinney v. Little, 95-177 (La.App. 3 Cir. 5/31/95), 660 So.2d 494:
It is significant to note that La.R.S. 23:1141B does not set the fee of counsel in a workers' compensation claim. It stipulates that the fee may not exceed 20% of the first $10,000 and 10% of any amount in excess of $10,000 ... Reading those provisions together, it is clear that they anticipate a hearing officer being supplied with an application filed by an attorney for approval of a fee and containing information as to the services rendered. Further, that based upon that information, it is the duty *814 of the hearing officer to approve a fee which may be less than but which may not exceed the statutory limit. Clearly, the purpose of the law is to protect the employee from excessive legal charges.
McKinney, 660 So.2d at 496.
Applying these factors, it is apparent that the hearing officer had before her the attorney's good faith estimation of time spent on Gaspard's case, his testimony of the various accomplishments that benefitted Gaspard, and evidence of the attorney's skill in representing his client. Accordingly, we find that the hearing officer erred in failing to award Miller the attorney's fees he requested, which we find were well supported and reasonable.
After carefully considering the facts of this case in light of Rule 1.5 of the Rules of Professional Conduct and the applicable statutes regulating attorney's fees in the worker's compensation setting, we find that Miller is entitled to receive the fee he requested in the sum of $1,143.87, plus $42.79 out-of-pocket expenses, for a total of $1,186.66 for the services he rendered in his representation of Gaspard.
For the foregoing reasons, the judgment of the hearing officer is affirmed insofar as it found that Michael B. Miller was entitled to receive compensation for the legal services he rendered to Patrick A. Gaspard. In all other respects, however, the judgment of the hearing officer is reversed and set aside.
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of MICHAEL B. MILLER, ordering PATRICK A. GASPARD to pay attorney's fees in the amount of $1,186.66. Costs of this appeal are assessed to plaintiff-appellee.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] Rule 1.5. (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent.