L GASKINS, J.
The defendant, Physicians and Surgeons Hospital (P & S), appeals from a judgment of the Office of Workers’ Compensation (OWC), awarding attorney fees to James D. Caldwell in connection with his representation of the claimant, Kathy D. Young. For the following reasons, we reverse.
FACTS
Kathy D. Young was employed at P & S Hospital. On October 16, 1992, she suffered a herniated disc while attempting to lift a patient. She retained James D. Caldwell as her attorney and sought to recover workers’ compensation benefits. Ms. Young entered into a contingency fee agreement with Mr. Caldwell whereby she agreed to pay 34% of any recovery if the case was not litigated, 40% of any recovery if the case was litigated, or “as provided by law.” In fact, La. R.S. 23:1141 provides a ceiling on attorney fees in workers’ compensation matters at a rate much lower than that agreed to by Ms. Young in her contract with Mr. Caldwell.
On May 4, 1994, the OWC found that Ms. Young’s injury was work-related and ordered that P & S reinstate her temporary total disability benefits from the time terminated until further order of the OWC. The OWC also ordered that P & S pay Ms. Young’s related medical bills. No penalties and attorney fees were assessed against P & S.
Following a judgment in favor of Ms. Young, Mr. Caldwell sought to secure payment of his attorney fees and obtained an order of approval from the OWC, in accordance with La. R.S. 23:1141(B), as it read *1179 at that time, specifying that 20% of the first $10,000 recovered and 10% of any award in excess of $10,000 be awarded to him. The court then calculated that this amount was $2,319.76. This figure was based upon the past due temporary total disability 12benefits payable to Ms. Young, $13,197.90. P & S issued a check for this amount to Ms. Young and Mr. Caldwell. Ms. Young then changed attorneys.
Later, in accordance with the May 4, 1994 judgment in favor of Ms. Young, P & S made payment on her medical expenses proved at trial in the amount of $58,103.87. The medical expenses were paid directly to the health care providers, although it is not clear from the record when these payments were made.
On July 21, 1998, P & S filed a disputed claim for compensation with the OWC, contending that Mr. Caldwell was claiming entitlement to a portion of the medical benefits paid on behalf of Ms, Young. Mr. Caldwell urged that the OWC judgment of May 4, 1994 specifically provided that he was entitled to recover attorney fees on all amounts he recovered on behalf of Ms. Young, including the medical expenses. He claimed that the judgment was final and was not appealed. Therefore, he argued that P & S was attempting to reliti-gate the judgment by denying that he is entitled to a statutory lien on the medical expenses.
On January 25, 1999, a new workers’ compensation judge assigned to the case issued a judgment finding that Mr. Caldwell was entitled to recover against P & S Hospital for 10% of all sums paid by P & S to medical providers in satisfaction of the May 4,1994 judgment. In written reasons for judgment, the workers’ compensation judge found that La. R.S. 23:1141 gave Mr. Caldwell a privilege upon the compensation awarded his former client. Also, La. R.S. 9:5001 provided a special privilege to Mr. Caldwell for the amount of his professional services in the May 4, 1994 judgment obtained by him. The court then found that the May 4, 1994 judgment was in favor of Ms. Young and not in favor of her medical providers. Therefore, the court concluded that Mr. Caldwell was entitled to a portion of the May 4, 1994 judgment, including medical expenses, equal to 10% of any sum paid in satisfaction of said judgment. P & S suspensively appealed the judgment, arguing that the workers’ compensation judge erred in finding that P & S l.gHospital owes additional attorney fees equal to 10% of the medical payments made on behalf of Ms. Young.
P & S contends that, according to Mr. Caldwell, payment may not be made directly to the medical providers in a workers' compensation case pursuant to judgment without including the claimant and the claimant’s attorney on the check issued to the health care provider. P & S asserts that apparently the workers’ compensation judge agreed with this reasoning, in ruling that Mr. Caldwell is entitled to 10% of the medical payments in satisfaction of his attorney fees. P & S argues that a check was issued to Mr. Caldwell and Ms. Young in the amount of $13,917.90, representing the temporary total disability benefits owed to her, and that any attorney fees owed Mr. Caldwell should have been satisfied from those funds when the attorney had them in his possession. P & S maintains that it was Mr. Caldwell’s obligation to disburse the funds so as to protect his lien. The hospital urges that an employer not assessed with attorney fees is not obligated to pay those fees separately, unless punitively cast with fees.
DISCUSSION
The issue in this case is whether, under the facts presented here, Mr. Caldwell is entitled to recover as attorney fees a portion of the medical expenses paid by P & S on behalf of Ms. Young. At the outset, it is important to note that Mr. Caldwell is claiming entitlement only to a portion of the medical expenses proved at trial and awarded to the plaintiff in the May 4, 1994 judgment. Mr. Caldwell specifically stated that he is not asserting a lien regarding future medical expenses and he acknowledges that he is not entitled to attorney fees based on future medical expenses. It *1180 is also noteworthy that this case concerns the statutory privilege on a judgment allowed to attorneys in workers’ compensation cases to secure payment of the fees owed to them by their clients. It does not address the | ¿imposition of penalties and attorney fees upon an employer who arbitrarily and capriciously withholds or terminates benefits under La. R.S. 23:1201.2.
La. R.S. 37:218[1] provides that an attorney may enter into an agreement with his client on the question of the amount of fees due to the attorney. La. R.S. 9:5001[2] provides for a privilege for an attorney for fees on all judgments obtained by the attorney. The fee contract between Ms. Young and Mr. Caldwell was subject to the special limitations and conditions of the workers’ compensation law. At the time of the 1994 award, La. R.S. 23:1141 provided as follows:
A. Claims of attorneys for legal services arising under this Chapter shall not be enforceable unless reviewed and approved by a workers’ compensation judge. If so approved, such claims shall have a privilege upon the compensation payable or awarded, but shall be paid therefrom only in the manner fixed by the workers’ compensation judge. No privilege shall exist or be approved by a | sworkers’ compensation judge on injury benefits as provided in R.S. 23:1221(4)(s).
B. In no case shall the fees of an attorney who renders service for an employee coming under this Chapter exceed twenty percent of the first ten thousand dollars and ten percent of the part of any award in excess of ten thousand dollars.[3]
Therefore, although an attorney may obtain a privilege on compensation awarded, the claim for attorney fees must be reviewed and approved by a workers’ compensation judge. Further, a limit on the amount of the fee recoverable is imposed by the statute. The workers’ compensation judge must review and approve attorney fee awards. The amounts listed in the statute are a ceiling. The OWC may award less than this amount.
*1181 The time limits for seeking approval of attorney fees and the manner of enforcing a privilege are set forth in La. R.S. 23:1143 which provides in pertinent part:
B. (1) An attorney may withhold, as proposed attorney fees, the sum of twenty percent of the first ten thousand dollars recovered and ten percent of all amounts recovered thereafter in his trust account which funds shall remain the property of the claimant, pending approval of such fees by the workers’ compensation judge.
(2) An application for approval of fees shall be filed by the attorney within thirty days after the payment of the final weekly benefit, settlement of the claim, or payment of the judgment, whichever occurs later. Otherwise the funds shall be returned to the claimant.
Therefore, the statutory scheme outlined above limits the amount of attorney fees in workers’ compensation cases, allows a privilege on the award recovered and specifies a procedure for obtaining approval for attorney fees and enforcement of the privilege.
IsOne question presented by this case is whether the attorney fee privilege applies only to compensation or whether it also applies to medical expenses. Were it not for the specific wording of the order of approval in this case, this issue would weigh heavily on the disposition of the matter presented. Mr. Caldwell argues that the privilege does apply to medical expenses, citing Guillory v. Coal Operators Casualty Company, 95 So.2d 201 (La.App. 1st Cir.1957). However, that case did not construe La. R.S. 23:1141 and 1143 in their present form and it awarded attorney fees as a penalty against the employer and its insurer for arbitrary and capricious nonpayment of compensation due. Likewise, in Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046 (La.App. 2d Cir. 1980), writ denied 385 So.2d 793 (La.1980), also cited by Mr. Caldwell, penalties and attorney fees were assessed for refusing to pay benefits and medical expenses.
According to Malone and Johnson, 14 Louisiana Civil Law Treatise: Workers’ Compensation Law and Practice (3d ed.1994), § 386, it is unclear whether a privilege for attorney fees applies to payment of medical expenses as well as compensation benefits. The treatise noted that the section is not limited to “weekly benefits” and cites jurisprudence from another state in which medical expenses were treated as compensation for the purpose of allowing attorney fees. However, for the reasons that follow, and limited to the facts presented in this case, a distinct resolution of the issue of whether a privilege for attorney fees applies to medical expenses is not necessary at this time.
La. R.S. 23:1141 and 1143 set forth the procedure by which an attorney fee privilege may be enforced in a workers’ compensation case. Under La.- R.S. 23:1141, the workers’ compensation judge controls the manner by which the privilege should be satisfied. La. R.S. 23:1141(B) does not set the fee in a workers’ compensation case, but places a limitation on the fee. La. R.S. 23:1143 |7provides the timing for the workers’ compensation judge to approve the attorney fees. The statute allows the attorney to withhold in trust a percentage of the amount recovered under the judgment; the statute protects the attorney fee privilege for the full amount of the fee.
These statutes contemplate a workers’ compensation judge being supplied with an application filed by an attorney for approval of a fee and containing information as to the services rendered. Then, based upon that information, it is the duty of the workers’ compensation judge to award the fee, which may not exceed the amount set by the statute. The purpose of the law is to protect the employee from excessive legal charges. Miller v. Gaspard, 95-861 (La.App. 3d Cir.12/6/95), 664 So.2d 810. This procedure is also in accordance with the administrative hearing rules of the OWC. LAC 40:1.6501 provides in pertinent part:
*1182 When a dispute arises among several attorneys as to the identity of claimant’s counsel of record, or when several successive attorneys lay claim to a fee in the same case, the judge shall decide the issues raised and allocate the fee allowed in proportion to the services rendered.
LAC 40:1 6503(B) provides:
Attorney fee claims under R.S. 23:1141 for allowable portions of periodic payments of indemnity benefits recovered by claimants shall only be authorized after approval by the presiding judge upon filing of a motion for such fees filed by the claimant’s attorney.
In this case, the order of approval, granting attorney fees to Mr. Caldwell, dated August 15,1994, provided as follows:
IT IS ORDERED that this motion be filed and that attorney’s fees in the amount of twenty (20%) percent of the first ten thousand dollars and ten (10%) [sic] of the part of any award in excess of ten thousand dollars, $2,319.76 be awarded to JAMES D. CALDWELL, the attorney for KATHY D. YOUNG, employee, all in accordance with La. R.S. 23:1141(B), are hereby approved.
|sThe amount awarded to Mr. Caldwell, $2,319.76, was calculated on the past due temporary total benefits of $13,-197.90. The clear wording of the order of approval granted Mr. Caldwell a privilege on the past due indemnity benefits alone and not on the medical benefits proved at trial. It does not appear that Mr. Caldwell asserted any objection to the order of approval at that time or sought to have a privilege on the medical benefits recognized by the OWC. The burden of compliance with the statutory scheme discussed above lies with the claimant’s attorney. He could have sought to clarify the order of approval regarding the medical expenses. Further, under La. R.S. 23:1143, Mr. Caldwell could have withheld in his trust account the amount he contended he was owed from the sum paid his client, pending approval by the workers’ compensation judge.
Under the terms of the order of approval and under the reasoning employed in Gegenheimer v. Cajun Painting, Inc., 96-452 (La.App. 3d Cir.10/9/96), 689 So.2d 457, Mr. Caldwell had an enforceable privilege up to $2,319.76 upon the compensation payable or awarded. The order of approval does not grant him additional attorney fees on the medical expenses. P & S satisfied its obligation under the May 4, 1994 judgment. No other obligation existed for P & S Hospital to pay attorney fees. Therefore the workers’ compensation judge erred in granting Mr. Caldwell additional attorney fees payable by P & S Hospital.
CONCLUSION
For the reasons stated above, we reverse the judgment of the OWC awarding attorney fees to James D. Caldwell. Costs of this appeal are assessed to James D. Caldwell.
REVERSED.

.La. R.S.37:218 provides:
A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.
B. The term "fee”, as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

. La. R.S. 9:5001 provides:
A. A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.
B. The term "professional fees”, as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

. This statute was amended by Acts 1996, 1 st Ex.Sess. No. 31 § 1 to provide that the fees of an attorney who renders service for an employee coming under this Chapter shall not exceed twenty percent of the first twenty thousand dollars and ten percent of the part of any award in excess of twenty thousand dollars. However, this provision was not in effect when this case was decided and is not applicable to our discussion here.