Before WILLIAMS, CARAWAY & PEATROSS, JJ.
 

 PEATROSS, J.
 

 |,In this workers’ compensation case, the claimant, William Alexander, appeals the approval of attorney fees by the workers’ compensation judge (“WCJ”) in favor of Alexander’s former counsel, William T. Allison. For the reasons set forth herein, we affirm.
 

 
 *1084
 

 FACTS
 

 Alexander allegedly injured his shoulder on July 13, 2004, while working as a garbage collector for the city of Shreveport. He was placed on light duty and allegedly reinjured the shoulder on January 10, 2005. Alexander was on light duty (at various positions and jobs) until July 19, 2005, when he was examined by Dr. Craig Springmeyer, who opined that Alexander could not work. Dr. Karl Bilderback then examined Alexander and found no injury. Ultimately, Dr. Clint McAlister was appointed as an independent medical examiner. Dr. McAlister examined Alexander and found a shoulder injury which required treatment. The city began paying temporary total disability benefits (“TTDs”) in July 2005.
 

 In May 2006, the city filed a disputed claim form 1008 asserting that Alexander had been released to work with restrictions and had not cooperated with vocational rehabilitation efforts. The record reveals several attempts on the part of the city to get Alexander involved in vocational rehabilitation to no avail. A second disputed claim form 1008 was filed (the record is unclear on the filings and service of these forms) and served on Alexander and a hearing was set on the city’s Motion to Require Claimant to Comply with Vocational Rehabilitation. At that point, Alexander sought legal representation from attorney William T. Allison.
 

 12Alexander first met with Allison on July 12, 2006, and then on August 24, 2006. Alexander was given documents which required execution in order for Allison to open a client file, including a retainer agreement setting forth a fee of 20 percent of any amount recovered in accordance with La. R.S. 23:1141 and 1143,
 
 infra.
 
 Alexander signed the documents and Allison began legal representation in the matter.
 

 According to Allison, he soon encountered difficulty getting Alexander to provide answers to interrogatories. At some point thereafter, Alexander brought the information needed to answer the discovery to Allison’s office. For reasons not specified in the record, a disagreement arose between Allison and Alexander as to how to answer the discovery. Since Allison refused to answer the interrogatories in the fashion Alexander wanted to answer them, Allison filed a motion to withdraw as Alexander’s counsel. The motion to withdraw was granted.
 

 During the representation, beginning September 15, 2006, Alexander’s weekly indemnity checks in the amount of $373.47 each were deposited in Allison’s trust account. A total of 29 checks were received during the representation totaling $10,830.63. Twenty percent was withheld in the account from each check and the balance was paid out to Alexander each week. On Allison’s withdrawal, the balance in the trust account was $2,166.13. After Allison withdrew as counsel, each weekly indemnity check, in full, was forwarded to Alexander.
 

 Allison subsequently filed an application for approval of attorney fees on January 15, 2009, requesting approval to withdraw the balance of the ptrust account as his fee. Alexander requested a hearing, which was held on March 25, 2009. The WCJ granted the application, thereby approving attorney fees in the amount of $2,166.13, representing the 20 percent withheld by Allison from Alexander’s indemnity checks and retained in Allison’s trust account during his representation of Alexander. This
 
 pro se
 
 appeal by Alexander ensued.
 

 DISCUSSION
 

 Whether attorney fees are appropriate in a workers’ compensation action is a question of fact.
 
 Jeffcoat v.
 
 
 *1085
 

 McCann’s Seafood,
 
 96-1259 (La.App. 3d Cir.5/7/97), 696 So.2d 8. Further, an award of attorney fees under the Worker’s Compensation Act is committed to the discretion of the trial court and will not be disturbed absent a showing of abuse of that discretion.
 
 Smith v. Tudor Const.,
 
 25,783 (La.App.2d Cir.5/4/94), 637 So.2d 666.
 

 The fee involved in this ease is a contingency fee based on a contract between the attorney and client, as opposed to a statutory attorney fee award. The Contract of Representation in the case
 
 sub judice
 
 reads, in pertinent part:
 

 2. ATTORNEY FEES: I agree to pay to my attorney an attorney fee equal to 20% of all amounts recovered, or the maximum amount of attorney’s fees allowed by law, whichever is smaller, subject to the approval of the Workers’ Compensation Judge. I request that my employer and its carrier (or third party administrator) make all payments of workers’ compensation indemnity benefits payable to me and mailed to me in care of my attorney at the attorney’s address.
 

 I authorize my attorney to retain in trust from my indemnity benefits, to secure the payment of my attorney fees and costs, amounts equal to the percentages above set forth, pending approval by the workers’ compensation judge.
 

 |4The Contract of Representation was signed by Alexander on August 24, 2006. As previously stated, beginning in September, Alexander’s indemnity checks were deposited in Allison’s trust account. Twenty percent was withheld from each check and the balance was paid out to Alexander each week.
 

 La. R.S. 23:1141, Attorney fees; privilege on compensation awards, recognizes and limits such contractual attorney fees and provides in part:
 

 A. Claims of attorneys for legal services arising under this Chapter shall not be enforceable unless reviewed and approved by a workers’ compensation judge. If so approved, such claims shall have a privilege upon the compensation payable or awarded, but shall be paid therefrom only in the manner fixed by the workers’ compensation judge. No privilege shall exist or be approved by a workers’ compensation judge on injury benefits as provided in R.S. 23:1221(4)(s).
 

 B. The fees of an attorney who renders service for an employee coming under this Chapter shall not exceed twenty percent of the amount recovered.
 

 Again, while recognized by statute, this fee is not a statutory fee because it is authorized and created by contract between the employee and the attorney. The statute, however, limits the fee charged by the attorney to 20 percent of the amount recovered. La. R.S. 23:1141(B);
 
 McCarroll v. Airport Shuttle, Inc.,
 
 00-1123 (La.11/28/00), 773 So.2d 694. The contractual fee is not assessed against the employer or the employer’s insurer, but is contractually payable by the employee to the attorney out of the employee’s recovery of benefits that is attributable to the litigation handled by the attorney. Finally, the contractual fee, as a contingency fee, is payable in every case of successful litigation over unpaid benefits, irrespective of the employer’s or insurer’s failure to reasonably controvert |sthe claim that benefits are due to the employee.
 
 McCarroll v. Airport Shuttle, supra.
 

 The fact that Alexander was already receiving TTDs when he retained Allison and such benefits continued uninterrupted in the same amount throughout the representation does not mandate denial of the application for attorney fees. In
 
 Miller v.
 

 
 *1086
 

 Gaspard,
 
 95-861 (La.App. 3d Cir.12/6/95), 664 So.2d 810, the court explained that a fee contingent on the “amount recovered” in a workers’ compensation case is not precluded simply because the indemnity benefits out of which the fee is paid are not “recovered” through litigation performed by the attorney. The court in
 
 Miller
 
 opined:
 

 Initially, we address the hearing officer’s determination that Miller was not entitled to an award of 10% of the worker’s compensation benefits Gaspard received because Miller did not recover these benefits. We find this determination an error of law. The hearing officer focused very narrowly on the fact that Gaspard was being paid weekly compensation benefits without the intervention of Miller and that these benefits continued uninterrupted after Miller’s employment. We find such a reading is unduly restrictive and overlooks the professional services, other than litigation, that Miller rendered.
 

 The
 
 Miller
 
 court further noted that the fee agreement in that case clearly recognized services other than litigation afforded Miller by the attorney. As in
 
 Miller, supra,
 
 the Contract of Representation in the case
 
 sub judice
 
 contemplated services other than litigation, including investigation and other legal proceedings.
 

 In addition, this court has recognized that the statutory scheme outlined above limits the amount of attorney fees in workers’ compensation cases, allows a privilege on the award recovered and specifies a procedure |fifor obtaining approval for attorney fees and enforcement of the privilege.
 
 Physicians & Surgeons Hosp. v. Young,
 
 32,641 (La.App.2d Cir.1/26/00), 750 So.2d 1177,
 
 writ denied,
 
 00-0916 (La.5/26/00), 762 So.2d 1106. Citing
 
 Miller, supra,
 
 we went on to explain:
 

 These statutes contemplate a workers’ compensation judge being supplied with an application filed by an attorney for approval of a fee and containing information as to the services rendered. Then, based upon that information, it is the duty of the workers’ compensation judge to award the fee, which may not exceed the amount set by the statute. The purpose of the law is to protect the employee from excessive legal charges.
 

 Physicians & Surgeons Hosp. v. Young, supra.
 

 Allison attached time records (although somewhat difficult to interpret) to his application for approval of fees, substantiating his time spent on Alexander’s case. The record is clear that Allison performed legal services, including conducting discovery and correspondence with the city on Alexander’s behalf, for which he is entitled to payment. The Contract of Representation is equally clear that Alexander agreed for Allison to withhold 20 percent from his weekly indemnity checks to cover the cost of representation, which is within the statutory limit of La. R.S. 23:1141. Based on this record, we cannot say that the WCJ abused his wide discretion in approving Allison’s application for approval of attorney fees in the amount of $2,166.13.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the workers’ compensation judge approving the application for approval of attorney fees |7of William T. Allison is affirmed. Costs of this appeal are assessed against William Alexander.
 

 AFFIRM1ED.
 

 APPLICATION FOR REHEARING
 

 Before BROWN, WILLIAMS, CARAWAY, PEATROSS & DREW, JJ.
 

 Rehearing denied.