I! GAUDIN, Judge.
The procedural facts in this appeal are generally not in dispute. The most significant facts are that Frederick J. Leavines filed a third party suit in federal court and obtained judgment in the amount of $43,-765.00; subsequently, Leavines and the defendants filed a satisfaction of judgment in the record indicating that Leavines had been paid $67,731.11, which included $9,730.22 in workers’ compensation medical expenses previously paid by intervenor Transportation Insurance Company.
Prior to trial, it was stipulated in federal court that the intervenor’s claim was valid. The judgment, however, failed to recognize either intervenor or intervenor’s claim. A later motion to correct this oversight was filed and granted by the trial judge but the U.S. 5th Circuit Court of Appeals later deemed the motion untimely. The original $43,765.00 judgment, which inadvertently made no mention of the intervention, was reinstated.
RThe insurance company was not paid out of the proceeds of the settlement and filed suit in the 24th Judicial District Court. On March 4, 1994, a judgment was rendered ordering Leavines to reimburse the insurance company $9,731.22 because of unjust enrichment. We affirm.
Here, all of the requisites of unjust enrichment are in place. In Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1968), the Supreme Court of Louisiana listed five elements a petitioner must prove in an unjust enrichment case: (1) defendant was enriched, (2) plaintiff was impoverished, (3)there is a connection between the defendant’s enrichment and the plaintiffs impoverishment, (4) there was no legal cause or justification for the enrichment and (5) there is no other remedy available for the plaintiff.
See also FPS, Inc. v. Continental Contractors, Inc., 537 So.2d 831 (La.App. 5 Cir.1989), wherein the same five elements are discussed.
On appeal now, Leavines argues (1) that the matter of the insurance company’s federal court intervention became res judicata once the original judgment was reinstated and (2) that, reference element of proof No. 5 in Minyard, the insurance company had another remedy at law.
We are not swayed by these contentions. The failure to include the merits of the inter *722 vention in the original federal court judgment was error. The claims were not denied. Also, the fifth listed requirement in Minyard is stated in the present not the past sense; i.e., when the unjust enrichment action was filed in Jefferson Parish, the insurance company at that time had no other remedy at law.
Leavines is to bear costs of this appeal.
AFFIRMED.