STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1368

DIONYSIA PREJEAN

VERSUS

ROBERT T. BAROUSSE, ACADIA PARISH CLERK OF COURT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2011-10722
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

AFFIRMED

Amy, J., concurs in the result and assigns separate reasons.

**Dionysia F. Huval PreJean**
**In Proper Person**
**5108 Egan Hwy**
**Egan, LA 70531**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Dionysia F. Huval PreJean**

**Robert T. Barousse, Acadia Parish Clerk of Court**
**In Proper Person**
**P. O. Box 922**
**Crowley, LA 70527**
**(337) 788-8881**
**COUNSEL FOR DEFENDANT APPELLEE:**
 **Robert T. Barousse, Acadia Parish Clerk of Court**

**SAUNDERS, Judge.**

This case involves a litigant who requested a trial court to issue two writs of mandamus after the statutorily allowed delay in judgment for her case was exceeded according to La.R.S. 13:4207 and La.R.S. 13:4210. The trial court denied these writs. We affirm.

## FACTS AND PROCEDURAL HISTORY:

Dionysia Huval Prejean (Prejean) petitioned the trial court to issue two writs of mandamus on July 13, 2011. Both writs were requested pursuant to La.R.S. 13:4210. The first was that the Acadia Parish Clerk of Court notify the auditor that a district judge failed to render a judgment within the time prescribed by La.R.S. 13:4207. The second was that the auditor withhold one quarter's salary from the judge and pay those funds into the general school fund.

The trial court denied these writs. Prejean timely filed this appeal.

## DISCUSSION OF THE MERITS:

Prejean contends in her sole issue presented for review that the trial court erred in denying her writ of mandamus when the law and the facts are clear that La.R.S. 13:4210 required the clerk of court to notify the auditor that the judge failed to render a decision within the time prescribed by La.R.S. 13:4207 and required the auditor to withhold one quarter's salary from the judge and pay those funds into the general school fund. We find no merit to Prejean's contentions.

The sole issue in this case requires this court to determine whether two statutes were interpreted and applied correctly. Whether a statute is properly interpreted and applied posits a question of law whose applicable standard of review is de novo. *Stanford v. Town of Ball*, 08-800 (La.App. 3 Cir. 12/10/08), 999 So.2d 304, *writ denied*, 09-55 (La. 3/6/09), 3 So.3d 488.

Louisiana Revised Statutes 13:4207 states:

If oral reasons for judgment are not rendered in open court and the matter taken under advisement, the district judges and judges of the city courts shall render a written judgment within thirty days from the time the cases are submitted for their decision. All motions or applications for a new trial and all orders of appeal shall be passed upon by judges of the city court within three days from the time such motions or applications for new trial or orders of appeal are submitted to them for their decision and by district court judges within seven days from the time such motions or applications for a new trial or orders of appeal are submitted to them for their decision; but by the written consent of the attorneys representing both sides, filed in the records or spread upon the minutes, the time herein granted may be extended for a further period of ten days, but no longer.

Louisiana Revised Statutes 13:4210 states:

All judges mentioned in R.S. 13:4207 through 13:4209 who shall violate those provisions or requirements, relative to the time within which they shall render decisions as aforesaid, shall forfeit one quarter's salary for each violation. The clerk of court shall notify the auditor of any failure on the part of the judge to render a decision within the time prescribed herein. The auditor, upon receiving such notification from the clerk of the court, shall withhold from such judge the payment of one quarter's salary, which amounts shall be paid by the auditor into the general school fund.

The Louisiana Supreme Court, in *Board of Commissioners v. Connick*, 94-3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076, stated (emphasis added):

As a general rule, courts should not reach the question of a statute's constitutionality when its unconstitutionality has not been placed at issue by one of the litigants. See *Vallo v. Gayle Oil Co. Inc., et al*, 94-CA-1238, 646 So.2d 859 (La.1994). *Unless a statute as drawn is clearly unconstitutional on its face* . . .

"A statute which is unconstitutional on its face cannot be constitutionally enforced." *Gulf States Theatres of La., Inc. v. Richardson*, 287 So.2d 480, 487 (La.1974).

In the case before us, no party has challenged the constitutionality of La.R.S. 13:4210. However, we raise this issue *sua sponte* because this statute is "clearly unconstitutional on its face." *Bd. of Comm'rs v. Connick*, 654 So.2d at 1076.

Regulation of judicial conduct by Louisiana judges is within the exclusive realm of the Louisiana Supreme Court. La. Const. Art. V , § 5(A); *In re: Freeman*,

2

08-1820 (La. 12/2/08), 995 So.2d 1197; *In re: Ellender*, 04-2123 (La. 12/13/04), 889 So.2d 225. The Louisiana Legislature has acknowledged our supreme court's exclusive authority to regulate judicial conduct in La. R.S. 42:1167, which provides, "[a]ll judges, as defined by the Code of Judicial Conduct, shall be governed exclusively by the provisions of the Code of Judicial Conduct, which shall be administered by the Judiciary Commission provided for in Article V, Section 25 of the Constitution of Louisiana."

In the case before us, Prejean requests that we order the trial court to issue writs of mandamus that invoke regulation of judicial conduct under La.R.S. 13:4210. This court, and the trial court below, lack the power or authority to grant Prejean's requests.

Further, we note that even if La.R.S. 13:4210 were not unconstitutional on its face, it is subject to other constitutional attacks. U.S. Const. Am. XIV § 1 provides, in pertinent part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." Likewise, La.Const.art. 1, § 2 provides, "[n]o person shall be deprived of life, liberty, or property, except by due process of law."

Louisiana Attorney General Opinion Number 77-358 (3/7/77), states, "[La.]R.S. 13:4210 providing that judges salary be withheld for quarter if he fails to render judgment timely is deprivation of property without due process for failure to provide hearing before or after withholding." We agree with the opinion expressed by the attorney general and note that there is no requirement by La.R.S. 13:4210 that a hearing must take place prior to the auditor withholding the judge's salary.

Moreover, there is no indication in the record that the district judge whose salary is put at risk by this statute has received notice that these proceedings are

transpiring. As such, he has not made an appearance in the record, nor does this court even have knowledge that he was given the opportunity to do so. Again, La.R.S. 13:4210 has no requirement that such notice is necessary. Thus, given the lack of notice and hearing requirements, the statute clearly has procedural due process deficiencies.

Additionally, we note that the language of La.R.S. 13:4210 directing the auditor to "withhold from such judge the payment of one quarter's salary" is extremely vague. A judge penalized by this statute has no notice whether the one quarter salary at risk is from one pay period, one year, or the entire remaining term of service. There is no jurisprudence interpreting what amount "one quarter's salary" entails. Therefore, to this court, this statute has constitutional vagueness concerns.

Given the above, we find, *sua sponte*, that La.R.S. 13:4210 is unconstitutional on its face. Accordingly, the trial court was legally correct to deny Prejean's requested writs of mandamus, and we affirm the trial court's judgment in its entirety.

**DISPOSITION:**

Prejean asks this court to review whether the denial of her two writs of mandamus was legally correct. We find, *sua sponte*, that La.R.S. 13:4210 is unconstitutional on its face. As such, we affirm the trial court's denial of Prejean's requested writs. We assess all costs of these proceedings to Dionysia Huval Prejean.

**AFFIRMED.**

4

NUMBER 11-1368

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

DIONYSIA PREJEAN

VERSUS

ROBERT T. BAROUSSE, ACADIA PARISH CLERK OF COURT

AMY, J., concurring in the result with separate reasons.

I agree with the majority that an affirmation is required in this case. However, I do not reach the constitutional question as it was not raised nor addressed below. *See State v. Mercadel*, 03-3015, p. 8 (La. 5/25/04), 874 So.2d 829, 834 (wherein the supreme court explained that "a court should avoid constitutional questions whenever the case can be disposed of on non-constitutional grounds") and *State v. Hatton*, 07-2377, p. 18 (La. 7/1/08), 985 So.2d 709, 721 (wherein the supreme court noted that "[a] judge's sua sponte declaration of unconstitutionality is a derogation of the strong presumption of constitutionality accorded legislative enactments"). *See also* La.R.S. 13:4448.

In my opinion, this case is better and more simply resolved on the merits. As cited by the plaintiff, La.R.S. 13:4207 contains certain time delays associated with the rendering of a trial court's judgment. The Supreme Court of Louisiana recognizes these time limits in its General Administrative Rules, Part G, § 2. Therein, the supreme court anticipates that, in fact, there will be cases in which the delays of La.R.S. 13:4207 will not be met. By this rule, the supreme court provides for the trial court to report to it, through the Judicial Administrator, "an explanation of the reasons for any delay and an expected date of decision." La. Sup.Ct. Rule G, § 2(b).

The record in this case contains the trial court's reports to the Judicial Administrator apprising the supreme court of the reasons for delay and the anticipated date(s) of the forthcoming judgment. The "Reasons for Delay" portions of those reports list work-load related explanations. Under these circumstances, I find no error in the trial court's denial of the writ of mandamus. I reach this finding, however, notwithstanding the question of whether the statute is constitutional.

For these reasons, I concur in the resulted reached by the majority.