PER CURIAM.
|,The issue presented in this case is whether La. R.S. 13:4210, which states that a judge shall forfeit one quarter’s salary for failing to issue a judgment within thirty days of the close of trial, is constitutional. For the reasons that follow, we find La. R.S. 13:4210 is unconstitutional on its face.
FACTS AND PROCEDURAL HISTORY
Dionysia Prejean is a party to a child custody proceeding captioned Dionysia F. Huval Prejean v. Ronald Joseph Prejean, which is pending in the 15th Judicial District Court. The last day of trial in the Prejean proceeding was March 18, 2011, at which time the district judge took the matter under advisement.
When the district judge court did not render judgment within thirty days, as required by La. R.S. 13:4207,[1] Ms. Prejean filed writ of mandamus against the Acadia |2Parish Clerk of Court, Robert Barousse, seeking an order requiring him to immediately notify the legislative auditor that the district judge failed to render a decision within the time prescribed by La. R.S. 13:4207, as required by La. R.S. 13:4210.[2] *571 In addition, the writ of mandamus sought an order against the state auditor to withhold one quarter’s salary from the district judge, as required by La. R.S. 13:4210.
The district court denied the writ of mandamus. Ms. Prejean sought an appeal from this ruling.
On appeal, the court of appeal affirmed. Prejean v. Barousse, 11-1368 (La.App. 3 Cir. 3/7/12), 90 So.3d 477. On its own motion, the court of appeal raised the issue of the constitutionality of La. R.S. 13:4210, and determined the statute unconstitutional on its face because the legislature lacks the authority to regulate judicial conduct, pursuant to La. Const. Art. V, § 5(A).[3] In addition, the court of appeal found La. R.S. 13:4210 is an unconstitutional violation of the due process clause, as it purports to reduce a judge’s salary without providing the judge notice or opportunity to be heard. Finally, the court of appeal found La. R.S. 13:4210’s reference to “one quarter salary” unconstitutionally vague. Based on its finding that La. R.S. 13:4210 was unconstitutional, the court of appeal determined the district |3court was legally correct to deny Ms. Prejean’s requested writ of mandamus, and therefore affirmed the district court’s judgment in its entirety-
Ms. Prejean filed an application for writ of certiorari. Because this case involved a declaration of unconstitutionality, we granted the writ and docketed the case as an appeal, pursuant to our appellate jurisdiction under La. Const. Art. V, § 5(D). Prejean v. Barousse, 12-1177 (La.9/28/12), 98 So.3d 822. Following our docketing of the case, Ms. Prejean filed a motion to waive oral argument and submit the matter on briefs. The other parties concurred in this motion. Accordingly, we granted the motion, and allowed the case to be submitted on briefs.
DISCUSSION
At the outset, we must address whether the court of appeal was procedurally correct in raising the issue of constitutionality on its own motion, when this issue was not raised by the parties or presented in the district court. As a general rule, the constitutionality of a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded, and the grounds for the claim particularized. Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-865; Arrington v. Galen-Med, Inc., 06-2968, p. 3 (La.2/2/07), 947 So.2d 727, 728-729. However, our jurisprudence has recognized a very limited exception to this rule in cases where the statute at issue is clearly unconstitutional on its face. See, e.g., Board of Commissioners of Orleans Levee Dist. v. Connick, 94-3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076 (“[ujnless a statute as drawn is clearly unconstitutional on its face, it is preferred that the parties to a dispute uncover any constitutional defects in a statute through the dialectic of our adversarial system ... ”).
14To challenge a legislative act as unconstitutional on its face is the most difficult challenge to mount successfully, since the challenger must establish that no *572 set of circumstances exist under which the statute would be valid. City of New Orleans v. Louisiana Assessors Retirement and Relief Fund, 05-2548, p. 23 (La.10/1/07), 986 So.2d 1, 19; State v. Brown, 94-1290, p. 5 (La.1/17/95), 648 So.2d 872, 875 (citing United States v. Salerno, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). Generally, the legislature may do anything which the constitution does not prohibit. Medlen v. State, 418 So.2d 618, 624 (La.1982). Therefore, our task is to determine whether La. R.S. 13:4210 is so inconsistent with our constitution, that there exists no set of circumstances under which the statute would be valid.
La. R.S. 13:4210 has been part of our statutory law since 1884. See La. Acts 1884, No. 72, § 4. During its lengthy existence, the statute has been rarely invoked, and has not been discussed in detail in the jurisprudence.
La. R.S. 13:4210 is phrased in mandatory terms. Essentially, the statute provides that a judge who does not comply with the time limits set forth in La. R.S. 13:4207 through 13:4209 “shall forfeit one quarter’s salary for each violation.” The statute mandates the clerk of court to “notify the auditor of any failure on the part of the judge to render a decision within the time prescribed herein.” Upon receiving such notification from the clerk of the court, the auditor is mandated to “withhold from such judge the payment of one quarter’s salary, which amounts shall be paid by the auditor into the general school fund.”
The obvious intent of this statute is to penalize the judge for not rendering judgment within the prescribed time limits. See, e.g., Dragon v. Schultz, 97-664, p. 4 (La.App. 5th Cir.1/14/98), 707 So.2d 1274, 1276 (holding that a judgment rendered outside of the time limits set forth in La. R.S. 13:4207 is not invalid; rather, “La. R.S. 1513:4210 provides the penalty for violating La. R.S. 13:4207 and it is solely a penalty to the judge and not invalidity of the judgment”). It is well settled that the constitution vests the supreme court with exclusive original jurisdiction over judicial disciplinary cases. In re: Hughes, 03-3408 (La.4/22/04), 874 So.2d 746; In re: Wimbish, 98-2882 (La.4/13/99), 733 So.2d 1183. Therefore, we must determine whether the penalty provision of La. R.S. 13:4210 conflicts with our exclusive jurisdiction over judicial disciplinary proceedings.
La. Const. Art. V, § 25(C) sets forth the range of penalties this court may impose in judicial disciplinary proceedings. Among those sanctions is the authority to suspend a judge with or without pay:
On recommendation of the judiciary commission, the supreme court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty, willful and persistent failure to perform his duty, persistent and public conduct prejudicial to the administration of justice that brings the judicial office .into disrepute, conduct while in office which would constitute a felony, or conviction of a felony. On recommendation of the judiciary commission, the supreme court may disqualify a judge from exercising any judicial function, without loss of salary, during pendency of proceedings in the supreme court. On recommendation of the judiciary commission, the supreme court may retire involuntarily a judge for disability that seriously interferes with the performance of his duties and that is or is likely to become permanent ... [emphasis added],
Pursuant to this authority, we have disciplined judges who delayed rendering *573 decisions in a timely fashion, by suspending them without pay. See In re Lee, 06-0454 (La.7/6/06), 933 So.2d 736 (judge suspended for 120 days without pay based on decisional delays, failing to report cases under advisement, and mishandling of travel expenses). Thus, insofar as La. R.S. 13:4210 constitutes a form of judicial | ^discipline, it clearly usurps powers which the constitution grants exclusively to this court.
The concurring judge in the court of appeal suggested it might be possible to avoid reaching the constitutionality of La. R.S. 13:4210. In particular, the concurring judge opined this court recognized the time limits for rendering judgment in its General Administrative Rules, Part G, § 2,[4] but permits the judge to provide an explanation for his or her failure to comply with these limits. In the instant case, the district judge provided an explanation for the delay, and anticipated date for rendition of judgment. Thus, the concurring judge would have found the mandamus was properly denied without reaching the constitutional issue.
Although the concurring judge’s attempt to harmonize La. R.S. 13:4210 within the constitutional structure is commendable, this approach actually reveals an unresolvable conflict between the statute and the constitutional authority of this court. Specifically, nothing in La. R.S. 13:4210 provides that the judge may provide an explanation for the judge’s failure to render a judgment within the required time limits. Rather, as discussed above, the statute is phrased in mandatory terms. Unlike General Administrative Rule, Part G, § 2(b), which allows the judge to provide an “explanation of the reasons for any delay and an expected date of decision,” nothing in La. R.S. 13:4210 permits the judge to provide an explanation for the delay.[5] Therefore, even though this court might decline to impose discipline on a judge who 17provides a reasonable explanation for a decisional delay, La. R.S. 13:4210 mandates the judge’s salary be withheld. This analysis convincingly demonstrates La. R.S. 13:4210 runs afoul of the constitutional mandate in La. Const. Art. V § 25(C), granting exclusive original jurisdiction over judicial discipline to this court.
Additionally, we find La. R.S. 13:4210 conflicts with La. Const. Art. V, § 21, which provides “[t]he term of office, retirement benefits, and compensation of a judge shall not be decreased during the term for which he is elected” [emphasis added]. Courts have held legislation resulting in a reduction of a judge’s pay during the term for which he or she was elected violates La. Const. Art. V, § 21. See Redwine v. State, 94-0160, p. 3 (La.App. 1 Cir. 12/22/94), 649 So.2d 61, 63 (“[A]lthough the legislature may enact laws regarding judges and elected public officials, the clear language of the Constitution prohibits the legislature from reducing the salary of judges and other elected public officials during their terms of office”). In the instant case, the effect of a partial forfeiture of a judge’s salary would *574 result in a decrease of compensation of the judge during the term for which he was elected, in violation of La. Const. Art. V, § 21.
Under these circumstances, we determine La. R.S. 13:4210 is unconstitutional on its face, as no set of circumstances exists under which the statute would be valid.[6] While we agree La. R.S. 13:4210 was motivated by the laudable intent to ensure judgments are rendered in a timely fashion, those concerns are now addressed by this court pursuant to its exclusive original jurisdiction. Therefore, although we now declare La. R.S. 13:4210 to be unconstitutional, this action will in no way alter the 1 ^obligation of district judges to render judgements timely, and adhere to the reporting requirements set forth in General Administrative Rule, Part G, § 2(b).
DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed. It is ordered, adjudged, and decreed that La. R.S. 13:4210 is unconstitutional and without effect.

. La. R.S. 13:4207 provides:
If oral reasons for judgment are not rendered in open court and the matter taken under advisement, the district judges and judges of the city courts shall render a written judgment within thirty days from the time the cases are submitted for their decision. All motions or applications for a new trial and all orders of appeal shall be passed upon by judges of the city court within three days from the time such motions or applications for new trial or orders of appeal are submitted to them for their decision and by district court judges within seven days from the time such motions or applications for a new trial or orders of appeal are submitted to them for their decision; but by the written consent of the attorneys representing both sides, filed in the records or spread upon the minutes, the time herein granted may be extended for a further period of ten days, but no longer.

. La. R.S. 13:4210 provides:
All judges mentioned in R.S. 13:4207 through 13:4209 who shall violate those provisions or requirements, relative to the time within which they shall render decisions as aforesaid, shall forfeit one quarter's salary for each violation. The clerk of court shall notify the auditor of any failure on the part of the judge to render a decision within the time prescribed herein. The auditor, upon receiving such notification from *571 the clerk of the court, shall withhold from such judge the payment of one quarter's salary, which amounts shall be paid by the auditor into the general school fund.

. The court of appeal cited La. Const. Art. V, § 5(A) for the proposition that "regulation of conduct by Louisiana judges is within the exclusive realm of the Louisiana Supreme Court.” However, La. Const. Art. V, § 5(A) is silent with regard to judicial discipline. The court presumably meant to cite La. Const. Art. V, § 25(C), which addresses judicial discipline.

. General Administrative Rule, Part G, § 2(b) provides:
(b) Reports. Each judge of a district, juvenile, family, parish, city municipal or traffic court shall report to this court, through the office of Judicial Administrator, on or before the tenth day of each month, all cases which have been fully submitted and under advisement for longer than thirty days, together with an explanation of the reasons for any delay and an expected date of decision.

. The mandatory nature of La. R.S. 13:4210 could lead to absurd results. For example, if the judge’s failure to render judgement was due to circumstances beyond the judge's control, such as a natural disaster, the statute would still mandate the judge's pay be withheld.

. Because of our conclusion that La. R.S. 13:4210 is contrary to the provisions of La. Const. Art. V, we need not reach the other grounds for unconstitutionality cited by the court of appeal. However, we note the statute’s failure to provide the judge with a hearing raises significant due process concerns. See Op. Atty Gen. No. 77-358 (March 7, 1977) (opining that the failure to provide a hearing amounts to deprivation of property without due process).