## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-588


**TROY PITRE**

**VERSUS**

**BESSETTE DEVELOPMENT CORPORATION**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 08-04536
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.


**REVERSED AND RENDERED.**

H. Douglas Hunter
Guglielmo, Lopez, Tuttle, Hunter & Jarrell, L.L.P.
Post Office Drawer 1329
Opelousas, Louisiana 70571-1329
(337) 948-8201
Counsel for Defendant/Appellee:
    Bessette Development Corporation

Scott J. Pias
Attorney at Law
522 Alamo Street
Lake Charles, Louisiana 70601
(337) 436-1288
Counsel for Appellant:
    Scott James Pias, Individually

**Emily G. Andrews**
**Angelique Duhon Freel**
**Assistant Attorneys General**
**Post Office Box 94005**
**Baton Rouge, Louisiana  70804-9005**
**(225) 326-6000**
**Counsel for Other Appellee:**
         **State of Louisiana**

**KEATY, Judge.**

Attorney appeals a judgment rendered by the workers' compensation judge (WCJ) reducing the amount of attorney fees that he could collect for his legal representation of plaintiff, Troy Pitre, from $15,000.00 to $8,316.60. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

Pitre was injured in a work-place accident on November 5, 2007, while employed by Bessette Development Corporation. Two days later, Pitre hired attorney Scott Pias, appellant herein, to represent him with respect to his injuries arising out of that accident. In conjunction with that representation, Pitre signed a contract providing that he would pay "the statutory allowed amount of attorney fees, not to exceed 20 % of all recovery," including any negotiated settlement.

On November 12, 2012, mediation took place at Pias' office, and Pitre agreed to settle his claim against Bessette for a lump sum of $35,000.00 plus $6,583.00 in seed money to start a medical set-aside (MSA) annuity that would provide Pitre with $2,160.00 per year until his death to fund his future medical bills. The present value of the MSA at that time was $70,524.35. On December 10, 2012, the parties presented a Joint Petition for Approval of Workers' Compensation Settlement (Joint Petition) to the WCJ. Included therein was Pias' request for "approval of attorney's fees in the statutory amount." A Disbursement Sheet was attached to the Joint Petition that listed Pias' calculation of the attorney fees owed to him as $21,104.87 but noted that he and Pitre had agreed to a reduced fee of $15,000.00. The Disbursement Sheet, which had been signed by Pitre, included language stating that he agreed that $15,000.00 was a reasonable fee and in accordance with the contract for representation that he had entered into with Pias.

On December 10, 2012, the WCJ signed the Motion and Order for Approval of Attorney Fee but amended it to specify that attorney fees were awarded in the amount of $8,316.60 and to exclude language stating that attorney fees were awarded at the "statutory rate of twenty percent (20%)" "as agreed upon by the parties, and in accordance with plaintiff's Affidavit attached hereto." Thereafter, Pias filed a Motion and Order for Hearing Regarding Reduction in Attorney Fees. After a contradictory hearing, the WCJ signed a judgment stating that Pias was awarded attorney fees in the amount of $8,316.60 for his representation of Pitre. The judgment provided that said amount "represents twenty percent (20%) of the lump sum indemnity ($35,000), plus twenty percent (20%) of the seed money to fund the medical set-aside (MSA) account ($6,583)." The judgment further provided that "the attorney fees awarded in this case shall not include twenty percent (20%) of the present value of the medical set-aside (MSA) annuity for future medicals."

Pias timely appealed and now assigns the following errors:

1. The Court erred in ruling that it had subject matter jurisdiction to engage in what amounted to a disciplinary proceeding against an attorney, or otherwise determine whether an attorney is to receive a fee.

2. The Court committed legal error in reducing the fee approved by the client as being fair and reasonable without any determination of fairness. The fee was reasonable, especially without any objection of Mr. Pitre.

3. The Court committed legal error and violated Article 5, § 5(b) of the Louisiana Constitution, which provides that the Louisiana Supreme Court has exclusive original jurisdiction over disciplinary proceedings against a member of the bar.

4. The Court committed legal error in not allowing a fee to be taken on the present value of future medical expenses obtained in settlement or any indemnity collected prior to settlement.

2

In addition to his appellant brief, Pias filed a Plea of Unconstitutionality of La.R.S. 23:1141[1] and 23:1143[2] in this court. Bessette's attorney of record was notified of this appeal but has not filed a brief. This court notified the Attorney General of the State of Louisiana (the AG) of Pias' claims of unconstitutionality, and his office also filed a brief in this matter.

## DISCUSSION

At the January 30, 2013 hearing, the WCJ asked Pias how much money his client received in the settlement with Bessette. Pias responded that Pitre received the net amount of "$26,410." Pias explained that the settlement was for $30,000.00 in cash and $6,583.00 for seed money to start an MSA. The WCJ then stated, "I think you are entitled to 20 percent of the amount of money the claimant recovered in the settlement or $8,316.60."[3] The WCJ then specified, "I am not at this time giving you a fee on the present day value of the annuity."

### *Constitutionality*

Pias asserts that La.R.S. 23:1141 is unconstitutional because it grants authority to an administrative law judge to review and determine attorney fee awards. He claims that La.R.S. 23:1143 is an unconstitutional legislative infringement of the authority of the Louisiana Supreme Court to govern attorney fees and to impose disciplinary action by creating a mechanism for an attorney to be divested of all or part of his fee.

---

[1] Louisiana Revised Statutes 23:1141 provides, in pertinent part, that "[c]laims of attorneys for legal services arising under this Chapter shall not be enforceable unless reviewed and approved by a workers' compensation judge." It further provides that those fees "shall not exceed twenty percent of the amount recovered." *Id.*

[2] Louisiana Revised Statutes 23:1143 mandates that an attorney representing a claimant get approval of his fee from an Office of Workers' Compensation (OWC) hearing officer.

[3] Thirty-five thousand dollars plus $6,583.00 equals $41,583.00. Twenty percent of $41,583.00 is $8,316.60.

The AG counters that the constitutionality of La.R.S. 23:1141 and 23:1143 is not properly before this court because the issue was not raised in the trial court and because Pias' claims of unconstitutionality have not been specifically pled nor have the grounds for his claims been particularized. In addition, the AG submits that this court should decline to exercise its discretionary power of supervisory jurisdiction in this matter because Pias' constitutionality argument could have been asserted in the trial court.

In *Vallo v. Gayle Oil Co., Inc.*, 94-1238, p. 8 (La. 11/30/94), 646 So.2d 859, 864-65 (footnote omitted), the Louisiana Supreme Court wrote, "the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized." Pias correctly points out that the supreme court has recognized that the aforementioned general rule does admit some exceptions. *See Unwired Telecom Corp. v. Parish of Calcasieu*, 03-732 (La. 1/19/05), 903 So.2d 392; *Vallo*, 646 So.2d 859.

After review of the record in this matter, we can find no justification for Pias' having failed to assert his claims of unconstitutionality in the trial court. The WCJ amended the order for approval of attorney fee to delete the reference to the "statutory rate" on December 10, 2012. Pias was put on notice that La.R.S. 23:1141 and 23:1143, the statutes regulating attorney fees in workers' compensation matters, were relevant to the determination of the amount of attorney fees that he could recover in this matter. Thus, any constitutional challenge to those statutes should have been made at that time so that the parties could "be afforded the opportunity to brief and argue the issue" and so "[t]he record of the proceeding could then be reviewed to determine whether the party attacking the statute[s] sustained his or her

4

burden of proof, and whether the trial court attempted to construe the statute[s] so as to preserve [their] constitutionality." *Vallo*, 646 So.2d at 865. The hearing on Pias' motions seeking reasons for the WCJ's reduction of his attorney fees from $15,000.00 to $8,316.60 took place on January 30, 2013, over a month after the WCJ's December 10, 2012 ruling, giving him plenty of time to mount any constitutional challenges. Accordingly, we conclude that the issue of the constitutionality of La.R.S. 23:1141 and 23:1143 "is not in the proper posture for this court's review." *Id.*

### *Subject Matter Jurisdiction*

Pias asserts that the WCJ erred in finding that it had subject matter jurisdiction to conduct a disciplinary proceeding against him or to otherwise determine whether he was entitled to receive a fee. Citing *Prejean v. Barousse*, 12-1177 (La. 1/29/13), 107 So.3d 569, Pias contends that because the right to discipline an attorney is vested exclusively with the Louisiana Supreme Court by virtue of La.Const. art. 5, § 5(b), the OWC lacked subject matter jurisdiction in this matter. The AG counters that the WCJ did not discipline Pias but rather interpreted attorney fees under La.R.S. 23:1141 not to include the present value of the MSA that Pias' client received in his settlement.

In *Prejean*, 107 So.3d at 574, the supreme court held that La.R.S. 13:4210, which provides that a judge shall forfeit one quarter's salary for failing to issue a judgment within thirty days of the close of trial, was "unconstitutional and without effect." We find no merit to Pias' claim that the holding of *Prejean* should be extended to La.R.S. 23:1141, which simply requires that an attorney submit his claim for attorney fees to the WCJ for review and approval. Accordingly, we

conclude that the WCJ was vested with subject matter jurisdiction in this matter. Pias' first assignment of error lacks merit.

### *Reasonableness of Pias' Fee*

Pias next contends that the WCJ committed an error of law in reducing the amount of his attorney fee without first determining its fairness, especially since Pitre approved the reasonableness of the fee as evidenced by his signature on the Disbursement Sheet. As a result of that alleged error, Pias asks this court to perform a de novo review of the record to determine the fee he should receive in this matter.

Pias fails to cite any law in support of his claim that the WCJ's failure to conduct a fairness review somehow amounts to legal error. On the other hand, the jurisprudence directs that "[t]he amount of an award of attorney's fees is committed to the discretion of the hearing officer and will not be disturbed absent a showing of an abuse of discretion." *Sinegal v. Able Glass Co., Inc.*, 95-10, p. 5 (La.App. 3 Cir. 10/11/95), 663 So.2d 393, 396. Thus, we will determine whether the WCJ's award of $8,316.60 in attorney fees amounted to an abuse of discretion.

> [T]he amount of attorney's fees due an attorney for representation in a worker's compensation matter is based on the attorney's time, skill, and effort. Moreover, it is well established that a determination of an attorney's compensation under this analysis is necessarily predicated upon a thorough evaluation of the record facts and an application of the criteria amplified under Art. 16: Rule 1.5 of the Rules of Professional Conduct.

*Miller v. Gaspard*, 95-861, pp. 6-7 (La.App. 3 Cir. 12/6/95), 664 So.2d 810, 813 (citation omitted).

Louisiana Rules of Professional Conduct Rule 1.5(a) provides, in pertinent part, as follows:

The factors to be considered in determining the reasonableness of a fee include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

> (3) the fee customarily charged in the locality for similar legal services;

> (4) the amount involved and the results obtained;

> (5) the time limitations imposed by the client or by the circumstances;

> (6) the nature and length of the professional relationship with the client;

> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

> (8) whether the fee is fixed or contingent.

According to the Joint Petition for Settlement, Pitre received a total of $96,435.21 in workers' compensation indemnity benefits from Bessette and Bessette paid $95,448.83 in medical expenses before they entered into a settlement. In addition, Pitre informed the WCJ at the January 30, 2013 hearing that he "didn't take any fee on the indemnity received during the pendency of the matter." Pias submits that he was entitled to collect a fee on those benefits as they were paid, but that he did not withhold attorney fees as they accrued so that Pitre would have money to support his family during the pendency of his workers' compensation claim. The record substantiates that Pias expended approximately 110 hours in

legal services during his five-year representation of Pitre in this matter and that he has practiced workers' compensation law for over twenty years.

After a thorough review of the record, we conclude that the WCJ abused her discretion in failing to award Pias the attorney fees he requested. The record supports an award of attorney fees in the amount of $15,000.00, given the total amount of benefits received by Pitre during the pendency of his claim and effort expended by Pias to secure those benefits for him. The reasonableness of that figure is bolstered by the fact that Pitre acknowledged on the Disbursement Sheet that Pias had already agreed to reduce his fee from $21,104.87 to $15,000.00, a fee which he agreed was reasonable and in accordance with their fee agreement. Accordingly, the judgment of the WCJ is reversed, and judgment is rendered awarding Pias $15,000.00 in attorney fees.

Because we have found that Pias is entitled to the relief sought on appeal, we need not address his third and fourth assignments of error as those issues have become moot.

## DECREE

For the foregoing reasons, the judgment of the WCJ reducing the attorney fees of Scott Pias from $15,000.00 to $8,316.60 is reversed, and judgment is rendered awarding Scott Pias attorney fees in the amount of $15,000.00. Given the unique procedural posture of this case, costs are assessed against the appellant, Scott Pias.

**REVERSED AND RENDERED**.