WELCH, J.
liAnn Johnson-Griffin, he attorney for Malaysia Brown, appeals a judgment rendered by the workers’ compensation judge (“WCJ”) awarding attorney fees to Ms. Johnson-Griffin in the amount of $10,000 for her legal representation of Ms. Brown, which sum was less than the sum agreed to by the parties in the workers’ compensation compromise agreement. For the following reasons, we amend that portion of the judgment to reflect an award of attorney fees in the amount of $27,000, and as amended, the judgment is affirmed.
FACTUAL AND PROCEDURAL HISTORY
The underlying facts surrounding Ms. Brown’s workers’ compensation claim are not in dispute. Ms. Brown was employed by C & S Wholesale Grocers, Inc.[1] (“C & *960 S”) and was injured in the course and scope of her employment on September 17, 2014. Ms. Brown hired Ms. Johnson-Griffin to represent her with respect to her workers’ compensation claim, and on January 12, 2015, a disputed claim for compensation was filed.
Prior to trial on the merits, Ms. Brown settled her claim with C & S. On October 21, 2015, a joint petition for approval of workers’ compensation compromise settlement in accordance with La. R.S. 23:1272 was filed. Set forth therein, the parties agreed that Ms. Brown would receive the lump sum of $135,000 in full settlement of her claim arising from the accident on September 17, 2014, with $125,000 of that sum “allocated to future medical treatment.” In addition, the settlement agreement set forth that Ms. Brown was represented by |t;Ms. Johnson-Griffin and that Ms. Brown had agreed to pay attorney fees to Ms. Johnson-Griffin in the amount of $27,000 from her settlement proceeds.[2]
The WCJ signed the order approving the settlement, except the WCJ awarded Ms. Johnson-Griffin the sum of $10,000 in attorney fees instead of the $27,000 sum agreed upon between Ms. Brown and Ms. Johnson-Griffin. The reason cited by the WCJ for reducing the attorney fees to an amount less than the agreed upon amount, was that “atty. fees cannot be taken out of the money allocated for future medicals.”
Thereafter, Ms. Johnson-Griffin filed two separate motions seeking to have the WCJ reconsider that portion of the order reducing the attorney fees to $10,000 and further, sought to be awarded the agreed upon sum of $27,000, which represented 20% of the total amount of the settlement proceeds and was in accordance with the contingency fee contract between Ms. Brown and Ms. Griffin. The WCJ denied the requests on November 5, 2015 for the following reason: “Set of $135K w/ $125K future meds. Only $10K available that is not for future medicals. Therefore, attys. fees reduced to $10,000.” Ms. Johnson-Griffin then sent a letter requesting a telephone conference with the WCJ; however, the request was denied on November 10, 2015 on the basis that the “Order on Atty. Fees stands. Take a writ, if desired.”[3]
LMs. Johnson-Griffin now appeals, challenging the WCJ's decision to award attorney fees in the amount of $10,000 rather than $27,000. She argues that the WCJ erred by altering the terms of the settlement agreement between the parties and the terms of the attorney/client contract *961 between Ms. Brown and Ms. Johnson-Griffin.
LAW AND DISCUSSION
The fees of an attorney who renders service for an employee in a workers’ compensation controversy are limited to twenty percent of the amount recovered. See La. R.S. 23:1141(B), The fees must be reviewed and approved by the WCJ and are to be paid from the amount awarded to the plaintiff in the manner prescribed by the WCJ. See La. R.S. 28:1141(A); see also La. R.S. 23:1143. The amount of the award of attorney fees is at the discretion of the WCJ and will not be disturbed on appeal absent a showing of an abuse of discretion. See Pitre v. Bessette Development Corp., 2013-588 (La.App. 3rd Cir. 11/6/13), 126 So.3d 869, 873.
It is well-settled that the amount of attorney fees due an attorney for representation in a workers’ compensation matter is based on the attorney’s time, skill, and effort. Miller v. Gaspard, 95-861 (La. App. 3rd Cir. 12/6/95), 664 So.2d 810, 813. Moreover, it is well settled that a determination of an attorney’s compensation under this analysis is necessarily predicated upon a thorough evaluation of the record facts and application of -the criteria set forth under Rule 1.5 of the Louisiana Rules of Professional Conduct, Id.
Louisiana Rules of Professional Conduct, Rule 1.5(a) provides, in pertinent part, as follows:
The factors to be considered in determining the reasonableness of a fee include the following:
lfi(l) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2)the likelihood, if apparent to the client, that the acceptance of the partieu- . lar employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount- involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
Based on our review of the record on appeal, we find that the WCJ’s award of $10,000 in' attorney fees to Ms. Johnson-Griffin was an abuse of discretion. First and foremost, the record before us reflects that Ms. Brown signed a contract employing Ms. Johnson-Griffin as her attorney in this workers’ compensation claim and that Ms, Brown agreed to pay Ms. Johnson-Griffin attorney fees in the amount of “20% of all monies recovered in Workers!’] Compensation Claim.” As set forth above, in the joint petition for approval of the workers’ compensation settlement, the parties agreed that Ms. Brown would receive the lump sum of $135,000 in full settlement of her workers’ claim, with $125,000 of that sum allocated to future medical treatment. In addition, the joint petition set forth that Ms. Brown was represented by Ms. Johnson-Griffin and that she had agreed to pay attorney fees to Ms. Johnson-Griffin in the amount of $27,000 from her settlement proceeds. Notably, the sum of $27,000 is 20% of $135,000—the total monies received by Mrs. Brown in this workers’ compensation dispute. Ms. Brown, Ms. Johnson-Griffin, and counsel for C & S signed the joint petition. Additionally, Ms. Brown signed an affidavit acknowledging that she had read the joint *962 petition and |fithat all of the allegations set forth therein were true and correct, and that she had accepted the settlement freely and voluntarily and felt that it was in her best interest to accept the settlement.
Next, although the WCJ is vested with vast discretion in setting attorney fees in workers’ compensation disputes, in setting Ms. Johnson-Griffin’s attorney fees in this matter, the WCJ did not consider Ms. Johnson-Griffin’s time, skill, and effort or otherwise evaluated or applied any of the factors set forth in Rule 1.5 of the Louisiana Rules of Professional Conduct. As noted above, the WCJ reduced the attorney fees to less than the contractual and agreed upon amount on the basis that the attorney fees could not be awarded from settlement money allocated to future medical expenses ($125,000); hence, the WCJ awarded attorney fees in the amount of $10,000, which represented the remaining funds of the settlement that were not earmarked for Ms. Brown’s future medical expenses. However, we cannot find, nor did the WCJ direct us to, any statutory or jurisprudential authority providing that, in a workers’ compensation case, an attorney cannot be paid a fee for his services from funds allocated to or awarded for future medical expenses. To the contrary, the only restriction on attorney fees in a workers’ compensation matter is set forth in La. R.S. 23:1141(B), which provides that the fees of an attorney “shall not exceed [20%] of the amount recovered” (Emphasis added). In this case, Ms. Brown specifically agreed to pay Ms. Johnson-Griffin 20% of the amount she recovered. Since Ms. Brown recovered the lump sum of $135,000, she was contractually bound to pay Ms. Johnson-Griffin 20% of that sum (or $27,000) as a fee for Ms. Johnson-Griffin’s legal services.
In Pitre, 126 So.3d at 870, the plaintiff/employee was injured in a work-place accident and subsequently hired an attorney to represent him with respect to his injuries arising out of that accident. In conjunction with that representation, the plaintiff signed a contract setting forth that he would pay “the statutory allowed 17amount of attorney fees, not to exceed 20% of all recovery,” including any negotiated settlement. The plaintiff subsequently settled his claim against his employer for a lump sum of $35,000 plus $6,583 in seed money to start a medical set-aside (MSA) annuity that would provide the plaintiff with $2,160 per year until his death to fund his future medical bills. The present value of the MSA at the time of the settlement was $70,524.35. The parties subsequently presented a joint petition for approval of the workers’ compensation settlement to the WCJ, which included the attorney’s request for approval of attorney fees “in the statutory amount.” A disbursement sheet was attached to the joint petition, which listed the attorney’s calculation of the attorney fees owed to him as $21,104.87, but noted that he and the plaintiff had agreed to a reduced fee of $15,000. The disbursement sheet, which had been signed by the plaintiff, included language stating that he agreed that $15,000 was a reasonable fee and in accordance with the contract for representation that he had entered into with his attorney.
The WCJ signed the motion and order for approval of the attorney fees, but amended it to specify that attorney fees were awarded in the amount of $8,316.60 and excluded language providing that the attorney fees were agreed upon by the parties and awarded at the statutory rate of 20%. The attorney moved for a contradictory hearing, after which the WCJ again awarded the attorney the sum of $8,316.60, which represented 20% of the lump sum indemnity ($35,000) plus 20% of the seed money to fund the MSA ($6,583). The judgment specifically provided that *963 the attorney fees awarded would not include 20% of the present value of the MSA annuity for future medicals.
The attorney appealed, and on appeal, the court held, among other things, that the WCJ abused its discretion in failing to award the attorney the fees that he requested. Pitre, 126 So.3d at 873-874. In doing so, the court determined that the record supported the award of attorney fees in the amount of $15,000, given the | ¡¡total amount of benefits received by the plaintiff during the pendency of the claim and the effort expended by the attorney to secure those benefits for the plaintiff. The court further explained that the reasonableness of the award was bolstered by the fact that the plaintiff acknowledged in the disbursement sheet that the attorney had already agreed to reduce his fee from $21,104.87 to $15,000, a fee which the plaintiff agreed was reasonable and in accordance with their fee agreement. Accordingly, the court reversed the judgment of the WCJ and rendered judgment awarding the attorney $15,000 in attorney fees.[4]
Like Pitre, we find that the record supports the award of $27,000 in attorney fees as agreed to by the parties. Ms. Brown’s workers’ compensation claim was pending for almost a year and was scheduled for a full trial on the merits. Prior to settling Ms. Brown’s claim, C & S contested all issues with respect to its liability for Ms. Brown’s injuries. During the pendency of the claim, C & S did not pay any workers’ compensation indemnity benefits to Ms. Brown and had paid $3,838.89 in medical benefits. Ms. Brown contractually agreed to pay Ms. Johnson-Griffin 20% of the amount she recovered, and in the settlement agreement, she specifically agreed to pay Ms. Johnson-Griffin the sum of $27,000 for her legal services in accordance with their fee agreement. Accordingly, the WCJ’s award of attorney fees in the amount of $10,000 is hereby amended to reflect an award of $27,000.
CONCLUSION
bFor all of the above .and foregoing reasons, that portion of the October 21, 2015 judgment of the WCJ is amended to reflect that Ms. Johnson-Griffin is awarded attorney fees in the amount of $27,000. As amended, that portion of the October 21, 2015 judgment of the WCJ is affirmed. Given the unique procedural circumstances of this case, all costs of this appeal are assessed against the appellant, Ms. Ann Johnson-Griffin.[5]
AMENDED IN PART, AND AS AMENDED, AFFIRMED.

. The record reveals that Ms. Brown incor-rectíy named "C and S Wholesale Services” *960 as her employer on her disputed claim for compensation, as her employer was actually "C & S Wholesale Grocers, Inc.”

. Notably, the sum of $27,000 represented 20% of the total lump sum settlement. The record reflects that this sum was based on a contingency fee contract that Ms. Brown signed when she hired Ms. Johnson-Griffin to represent her in this workers’ compensation dispute.

. We note that the WCJ issued a notice of signing of interlocutory judgment with respect to its denial of the telephone conference and that Ms. Johnson-Griffin has challenged such designation as error in this appeal, We note that Ms. Johnson-Griffin has appealed that portion of the October 21, 2015 judgment awarding attorney fees in the amount of $10,000, which is a final appealable judgment. Notably, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment. Judson v. Davis, 2004-1699 (La.App. 1st Cir. 6/29/05), 916 So.2d 1106, 1112, writ denied, 2005-1998 (2/10/06), 924 So.2d 167. Therefore, regardless of whether this designation by the WCJ was correct, Ms. Johnson-Griffin is entitled to seek review of all adverse judgments in her appeal of the October 21, 2015 final judgment. As such, this assignment of error presents nothing for this court to review.

. Cf. Benoit v. MMR Group, Inc., 2013-0537 (La.App. 1st cir. 3/19/14), 146 So.3d 207, 208-209 (in an appeal by the attorneys for a workers’ compensation claimant from a judgment denying their request to collect attorney fees from the seed money in the claimants’ Medicare Set-Aside (MSA) fund, this court found no error in the WCJ’s refusal to award attorney fees from the plaintiffs MSA on the basis that the agreement clearly, unambiguously, and plainly stated “[t]he funds in [the MSA] account may only be used for payment of medical services related to the work injury that would normally be paid by Medicare.”) Notably, the case on appeal herein does not involve an MSA nor does the settlement agreement restrict the use of funds awarded for future medical expenses to the payment of medical services related to the injury.

. See Pitre, 126 So.3d at 874.